YOUNG, Appellant,

v.

The TOLEDO HOSPITAL, Appellee.

[Cite as *Young v. Toledo Hosp.* (1996), 116 Ohio App.3d 675.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–139.

Decided Dec. 30, 1996.

*William R. Menacher,* for appellant.

*Amy M. Natyshak,* for appellee.

*Per Curiam.*

This is an accelerated appeal from an April 5, 1996 judgment entry of the Lucas County Court of Common Pleas in which the trial court granted summary judgment to appellee, the Toledo Hospital, in regard to a workers' compensation claim filed by appellant, Janet S. Young. Appellant has presented two assignments of error, which are:

"Assignment of Error No. 1:

"The trial court erred in finding that no genuine issue of material fact existed and, thus, [erred in granting] appellee's motion for summary judgment.

"Assignment of Error No. 2:

"The trial court erred in finding that a contract of hire existed as of June 22, 1992 and that appellant became an employee of appellee on that date."

Appellant contends in her first assignment of error that material questions of fact remain in this case that preclude a grant of summary judgment pursuant to the provisions of Civ.R. 56(C). Appellee contends that even though there is some difference in the account of the parties about how events occurred, the differences are not material, and the trial court's ruling was correct as a matter of law.

The parties in this case agree that appellant suffered injury to her right hip when a nurse who was conducting a physical on appellant overextended appellant's right leg. Appellant contends that she was already an employee of appellee when the injury occurred, and she filed a claim for workers' compensation. Appellee contends that appellant was not an employee when the injury occurred, because her employment was contingent upon passing the physical exam. Appellee agrees that appellant did subsequently become an employee of appellee because she did pass the physical and did begin performing service for the hospital as a CPR instructor.

R.C. 4123.01(A)(1)(b) governs the definition of "employee" for purposes of a workers' compensation claim and provides:

"(A)(1) 'Employee' means:

" * * *

"(b) Every person in the service of any person, firm, or private corporation, * * * that (i) employs one or more persons regularly in the same business or in or about the same establishment under any contract of hire, express or implied, oral or written, * * * or (ii) is bound by any such contract of hire or by any other written contract, to pay into the state insurance fund the premiums provided by this chapter."

As this court has previously noted, one method by which a worker is considered an employee under Workers' Compensation Fund is "contained in the initial paragraph of section (b), [which] sets forth the common understanding of an employee: one who works for another under some form of direct contract or hire." *Martinez v. Trimble* (Dec. 29, 1995), Lucas App. No. L–95–160, unreported, 1995 WL 764045. Appellant contends that she had been orally offered the job before she took the physical exam and that she accepted the job. She also contends that she does not recall being told that the offer was contingent upon passing a physical exam.

The record contains deposition testimony of the individual from the human resources division of appellee who conducted the initial interview of appellant. She testified that during the initial interview she filled out a form on which she checked each subject matter area she discussed with appellant. Checked on the form is the topic that the deponent stated included the information that all employment offers from the hospital were contingent upon passing a physical and a police records check. She stated that is her ordinary course and practice and that she feels confident that she followed that procedure in appellant's interview. She also provided an affidavit to support appellee's motion for summary judgment in which she stated that appellant was told the employment offer was conditional upon passing a physical. Finally, the record contains a document signed by appellant on the date of the physical that contains the following statement:

"I understand that my employment is conditional upon the successful completion of a preplacement physical examination, verification of employment eligibility and several other preplacement requirements."

This evidence shows that no material question of fact remains regarding whether appellant was an employee of appellee on the date she sustained injury; appellant was not an employee on the date of the physical exam; rather, she had received a job offer that was conditional. The trial court did not err when it concluded:

"In the instant case on June 10, 1992, plaintiff was offered and accepted a position with defendant during a second interview. This agreement was reduced to writing and signed by plaintiff on June 17, 1992. This document clearly states that employment is conditional upon the successful completion of a preemployment physical which occurred on June 17, 1992. Furthermore, the document clearly states plaintiff's starting date as June 22, 1992.

"Based upon the evidence before the Court, the Court finds that a contract of hire existed with the starting date of June 22, 1992, as such plaintiff became on [*sic*] employee of defendant on that date. The injury was sustained during the

preemployment physical when plaintiff was not yet considered an employee of the defendant."

Appellant's first assignment of error is not well taken.

Appellant's second assignment of error is rendered moot by our disposition of the first assignment of error.

The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

MELVIN L. RESNICK, P.J., HANDWORK and SHERCK, JJ., concur.